UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-20065-KMM

UNITED STATES OF AMERICA

vs.

ANGELO MARTINO,

Defendant.
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida and the Computer Crime and Intellectual Property Section of the U.S. Department of Justice, Criminal Division (hereinafter the "Offices") and **ANGELO MARTINO** (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the Information which charges the Defendant with conspiracy to obstruct, delay, or affect commerce or the movement of any article or commodity in commerce, by robbery or extortion in violation Title 18, United States Code, Section 1951(a). If the Defendant enters a guilty plea to Count 1 of the Information and is sentenced on this charge and otherwise fully complies with this agreement, the Offices will not initiate further criminal charges against the Defendant related to his participation between April 2023 and December 2023 in the conspiracy with threat actors using the malicious software known as ALPHV BlackCat to deploy malicious software against victim computers and networks to extort a ransom payment.

2. If a guilty plea to Count 1 of the Information is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full

force and effect, the Offices may reinstate or initiate charges related to the above conduct.

3.      The Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The Defendant understands and acknowledges that, as to the offense identified in paragraph 1, the Court may impose a sentence of up to twenty (20) years imprisonment for each count, followed by a term of supervised release of up to three (3) years. In addition, to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 for each count and must order restitution.

2

5.      The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed on the Defendant for each count. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6.      The Offices reserve the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Offices further reserve the right to make any recommendation as to the quality and quantity of punishment.

7.      The Offices agree that they will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If, at the time of sentencing, the Defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government and the Court to allocate their resources efficiently. The Offices, however, will not be required to make these recommendations if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to the

3

government prior to entering this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

8.      The Offices and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. Base Offense Level- the parties agree that the appropriate base offense level is eighteen (18) under U.S.S.G. § 2B3.2(a).

b. Loss- the parties agree that the loss amount was more than $9,500,000, which results in a seven-level increase under U.S.S.G. § 2B3.1(b)(7)(H).

c. the parties agree that the offense involved damage to a computer system used to maintain or operate a critical infrastructure, which results in a three-level increase under U.S.S.G. § 2B3.2(b)(3)(B)(i)(V).

d. the parties agree that the Defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense, which results in a two-level increase under U.S.S.G. § 3B1.3.

e. the parties agree that the Offices may recommend additional enhancements.

9.      The Offices and Defendant will stipulate at sentencing to the statements set forth in the attached Factual Proffer, which is part of this plea agreement.  Should the defendant withdraw, or attempt to withdraw, from this plea agreement for any reason, the defendant understands and agrees that any statements made to the government, including any factual statement prepared for

4

submission to the Court in connection with the defendant's guilty plea, will become admissible as evidence and may be introduced affirmatively by the United States against the defendant in any criminal proceeding which may then be in effect or which may at any future time be initiated by the United States.

10.     The Defendant is aware that his sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The Defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The Defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the government, or a recommendation made jointly by both the Defendant and the government.

11.     The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense(s), in violation of 18 U.S.C. § 1951, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).  The property subject to forfeiture includes, but is not limited to directly forfeitable property, including:

a.       :

    i.      approximately   0.71173674   Bitcoin   (BTC),   seized   from cryptocurrency address ending in -0xcjq;

    ii.     approximately  26.14495476  BTC,  seized  from  cryptocurrency address ending -dx3p;

    iii.    approximately  13.10297733  BTC,  seized  from  cryptocurrency address ending in -yw55;

    iv.    approximately  50.35937019  BTC,  seized  from  cryptocurrency address ending -7fxt;

    v.     approximately   5000.9997   Monero   (XMR),   seized   from cryptocurrency address ending in -smhvo;

    vi.    approximately 0.00006936 XMR, seized from cryptocurrency address ending in -b4Rpz;

    vii.   approximately 590 XMR, seized from cryptocurrency address ending in – Uhkvc;

    viii.   approximately 653 XMR, seized from cryptocurrency address ending in –93T96;

    ix.    approximately  1360.99982688  XMR,  seized  from  cryptocurrency address ending in -y6pGA;

    x.     approximately 187.872523112871 XMR, seized from cryptocurrency address ending in -2tPBs;

    xi.    approximately 204.99995 XMR, seized from cryptocurrency address ending in -Jtiyn8;

    xii.   approximately 0.99996932 XMR, seized from cryptocurrency address ending in -8HCJF;

    xiii.   approximately 0.0000693 XMR, seized from cryptocurrency address ending in – jmHoe;

    xiv.   approximately 0.0006932 XMR, seized from cryptocurrency address ending in -ZnKdh;

6

xv.  approximately 0.9999081 XMR, seized from cryptocurrency address ending in -Ebk1B;

xvi.  approximately 0.00006924 XMR, seized from cryptocurrency address ending in -uMsVQ1;

xvii.  approximately 10 Ripple (XRP), seized from cryptocurrency address ending in -EkThx6;

xviii.  approximately 56,174.152377 XRP, seized from cryptocurrency address ending in -EkThx6;

xix.  approximately 52.355385712 Solana (SOL), seized from cryptocurrency address ending in -HbXXhs;

xx.  approximately 10 Stellar (XLM), seized from cryptocurrency address ending in -5RJ3BD;

xxi.  approximately 39750.7927306 XLM, seized from cryptocurrency address ending in -5RJ3BD;

xxii.  one 1999 Nissan Skyline VIN# BNR34-006236;

xxiii.  one 2024 Polar RZR-24 PRO VIN# 3NSRMD2K5RG333271;

xxiv.  real property located at 2305 Bayshore Road, Nokomis, Florida 34275;

xxv.  real property located at 236 Tracino Nokomis, FL 34275;

xxvi.  one 2023 Crazy Mason Trailer VIN# 4DJAB3031PA001316, License Plate AL71SM; and

xxvii.  one 2023 Vessel VIN# BKFBL100K123, Length: 28' 10".

12.  The Defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by the Offices the existence, nature and location of all assets in

which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to the Offices any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13.     The Defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The Defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

14.     The Defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, the Defendant thereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The Defendant further understands that

8

nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the government appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The Defendant further agrees, together with the Offices, to request that the District Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

15. The Defendant is aware that Federal Rule of Criminal Procedure ("FRCP") 11(b)(1)(A)-(E) affords him and the Offices certain trial rights. Acknowledging this, the Defendant thereby waives all rights conferred by FRCP 11(b)(1)(B)-(E) if the Court accepts his guilty plea.

16. The Defendant agrees that he has consulted with his attorney and fully understands all rights with respect to the Information. Further, the Defendant agrees that he has been advised concerning and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case. The Defendant, by his signature affixed below, attests that he has read this agreement and voluntarily agrees to be bound by every term and condition set forth herein.

17. Defense counsel, by his signature affixed below, attests that he has fully explained to the Defendant his rights with respect to the Information, that he has reviewed with the Defendant the provisions of the Sentencing Guidelines and has explained to the Defendant the provisions

9

which may apply in this case, and that he has carefully reviewed every part of this plea agreement with the Defendant.

18.    This is the entire agreement and understanding between the Offices and the Defendant. There are no other agreements, promises, representations, or understandings, including as to any other parties charged or uncharged.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 4/14/26

THOMAS HAGGERTY
Assistant United States Attorney

Date: 4/14/26

for CHRISTEN GALLAGHER
JORGE GONZALEZ
Trial Attorneys
Computer Crime and Intellectual
Property Section

Date: 4-14-26

LINDA JULIN MCNAMARA
Attorney for the Defendant

Date: 4-14-26

ANGELO MARTINO
Defendant

10