**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CRIMINAL DIVISION**

UNITED STATES OF AMERICA,

v.                                               Case No. 26-CR-20065-KMM

ANGELO MARTINO,

        Defendant.

_____/

## ANGELO MARTINO'S SENTENCING MEMORANDUM

Defendant Angelo Martino, by and through undersigned counsel, respectfully submits this Memorandum in Aid of Sentencing in advance of his sentencing hearing scheduled for July 9, 2026.

## I. INTRODUCTION

Mr. Martino has pleaded guilty to a one-count Information charging conspiracy to obstruct, delay, or affect commerce in violation of 18 U.S.C. § 1951(a). From the outset of this investigation, Mr. Martino has accepted responsibility for his conduct, cooperated with law enforcement, and provided substantial assistance that contributed to the indictment and conviction of two co-defendants, including through multiple proffer sessions with prosecutors and agents. Mr. Martino has no prior criminal history and presents a Criminal History Category of I.

This memorandum respectfully requests that the Court impose a sentence significantly below the advisory Guidelines range, as a downward variance under 18 U.S.C. § 3553(a), based on (1) Mr. Martino's extraordinary cooperation with the Government; (2) his character and lack of criminal history; (3) the factors set forth in 18 U.S.C. § 3553(a); and (4) the need for the sentence to reflect the seriousness of the offense while promoting respect for the law and

providing just punishment, and to be sufficient but not greater than necessary to accomplish these  goals. Mr. Martino respectfully submits that a sentence of 24 months, followed by a term of supervised release with appropriate conditions, would be sufficient but not greater than necessary to comply with the purposes of sentencing and would appropriately account for his cooperation, his lack of criminal history, and his family circumstances.

## II.      STATEMENT OF FACTS

### A. The Offense Conduct

Mr. Martino pleaded guilty to a single-count Information for conspiracy to obstruct, delay, or affect commerce in violation of 18 U.S.C. § 1951(a), commonly known as the Hobbs Act. The offense occurred between approximately April 2023 and October or November 2024. The conspiracy had two components. In five matters, Mr. Martino was employed as a ransomware negotiator and, while working on behalf of the victims, improperly provided their confidential information to the threat actors, in exchange for a share of the resulting ransom payments. Separately, Mr. Martino stipulated to participating in a conspiracy with Ryan Clifford Goldberg and Kevin Tyler Martin that targeted additional victims; his role in that conspiracy did not include the intrusion, exfiltration, or deployment of the ransomware. In exchange for his conduct, Mr. Martino received compensation in cryptocurrency.

On April 14, 2026, Mr. Martino appeared before this Court and entered a knowing and voluntary plea of guilty to the charge, fully accepting responsibility for his participation in the conspiracy.

### B. The Defendant's Cooperation and Substantial Assistance

Mr. Martino has submitted to numerous interviews with the Government in which he provided significant information that aided the prosecution of his co-conspirators. From the

2

moment law enforcement first approached Mr. Martino during an FBI search of his residence on April 3, 2025, Mr. Martino cooperated and confessed to the conduct described above, conserving Government time and resources otherwise required to prepare an indictment. On that date, he provided the Government with Bitcoin and other cryptocurrency estimated at approximately $7 million to $8 million, along with wallet access to additional accounts. He also turned over the deeds to two houses he owned, documentation for a boat he had purchased, and identified other assets, including vehicles that were not seized at that time.

On April 14, 2025, Mr. Martino and his counsel met with the Government to provide information about the specifics of the offense conduct and to help identify additional victims and threat actors. Mr. Martino provided detailed information about co-conspirators Kevin Martin and Ryan Goldberg, some of which was new to the Government. Mr. Martin and Mr. Goldberg were each indicted on three counts related to the conspiracy on October 2, 2025. *See* Case No. 1:25-cr-20443-KMM, Dkt. 17. Both initially entered not-guilty pleas and their cases were set for trial. On December 18, 2025, the co-conspirators signed plea agreements and changed their pleas. *Id.* at 58, 61.  Martino thereafter participated in additional proffer sessions in which he provided further information about his co-conspirators, other threat actors, the inner workings of the scheme, and victim information.

While the Government has not filed a motion under U.S.S.G. § 5K1.1 in connection with the sentencing hearing, it has committed to recognize his assistance with a motion under Federal Rule of Criminal Procedure 35(b) following sentencing and to apprise the Court of the substantial assistance Mr. Martino has provided.

Mr. Martino remains willing to continue cooperating with the Government and to provide additional assistance in its investigation of other threat actors and in the identification of assets

subject to forfeiture. The Government's continued reliance on Mr. Martino's cooperation reflects the value and reliability of the information he has provided.

On April 14, 2026, Mr. Martino and the Government entered into a plea agreement. Doc. 25. Mr. Martino agreed to plead guilty to Count I of the Information, charging conspiracy under 18 U.S.C. § 1951(a). The Guidelines stipulations in the plea were: base offense level 18 under U.S.S.G. § 2B3.2(a); a seven-level increase for loss exceeding $9,500,000 under § 2B3.2(b)(2) (applying the table at § 2B3.1(b)(7)(H)); a three-level increase for damage to a computer system used to maintain or operate critical infrastructure under § 2B3.2(b)(3)(B); and a two-level increase for abuse of a position of trust or use of a special skill under § 3B1.3.

The Government agreed to recommend a two-level reduction for acceptance of responsibility and to move for an additional one-level reduction under § 3E1.1(b). The Probation Office calculated a total offense level of 27 and an advisory Guidelines range of 70 to 87 months.

Mr. Martino has also cooperated fully with the government's efforts to secure property subject to forfeiture. On the date of the FBI search, Mr. Martino gave the government remaining Bitcoin and other cryptocurrency, estimated in notes at approximately $7 million to $8 million. He also provided Tangem wallets, Monero account information, Electrum wallets, seed phrases, and other wallet access. In addition, Mr. Martino turned over the deeds to two houses he owned, as well as documentation showing ownership of a boat and other vehicles.

### C. The Defendant's Personal History and Character

Mr. Martino is 41 years old and has lived in Land O'Lakes, Florida, since 2020. He was born in Pittsburgh, Pennsylvania, on February 27, 1985. His parents still live in Pittsburgh and have remained supportive of him since his arrest; his father has provided financial support to Mr. Martino's family.

Mr. Martino has been married to Jaclyn Martino since October 23, 2015. They have two children, ages eight and seven. Mr. Martino's wife has been supportive since his arrest, and Mr. Martino has spent significantly more time with his children, strengthening those relationships. Both children have significant needs and are enrolled in Individualized Education Programs. Their seven-year-old son has developmental delays; Ms. Martino is required to attend his classroom three days per week for approximately an hour and a half to help him function in that environment. Because of these ongoing needs, Ms. Martino has been unable to work and has been a stay-at-home mother for the past nine years. Mr. Martino's involvement in his children's lives is a crucial part of their stability and well-being.

Mr. Martino has a degree in Computer Forensics from California University of Pennsylvania. His employment history includes Booz Allen Hamilton (October 2015 to April 2020); Tracepoint, most recently as Managing Consultant – Cyber Threat Intelligence & Communications (May 2020 to approximately February 2022); TRM Labs, Senior Blockchain Intelligence Analyst (May 2022 to October 2022); and Digital Mint, initially as an independent cybersecurity consultant and subsequently as a full-time employee (November 2022 to April 2025). Mr. Martino has been unable to find employment in his former field since his arrest and currently works for a company owned by his father and wife.

Mr. Martino submits eight letters of support with this memorandum. See Collected Letters, attached as Exhibit A-1 to A-8. Among them is a letter from Ricky Hughes, the Lead Pastor of Brave Church, who holds a master's degree in professional counseling and has served in ministry for over twenty years. Pastor Hughes writes that in two decades of ministry he has never written a letter like this one, and describes Mr. Martino's genuine remorse, consistent and meaningful change, and devotion to his family. Before his arrest, Mr. Martino provided

5

significant manual labor and materials to his church, including work to renovate a church building that saved the congregation substantial expense. Since his arrest, Mr. Martino has continued to serve his church and his children's school. *See* Photographs, attached as Exhibit B.

The remaining letters, from Mr. Martino's wife, his parents, and members of his church and school community, consistently describe a man who has taken responsibility for his conduct, committed himself to his faith and family, and served others without seeking recognition.

Mr. Martino does not have a significant history of substance abuse; his prior drug use occurred between approximately 2002 and 2004, and he stopped of his own volition. In April 2025, following his arrest, Mr. Martino experienced suicidal thoughts. He now has a strong support system through his family and church, is participating in medication management and weekly therapy, and is committed to continuing mental-health treatment. Mr. Martino has no prior criminal history; his Criminal History Category of I reflects a lifetime of otherwise law-abiding conduct.

## III. LEGAL STANDARD

### A. The Sentencing Guidelines Are Advisory

The Sentencing Guidelines are advisory, not mandatory. The Court must calculate the Guidelines range, but the Guidelines are only one factor among several the Court considers. The Court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public; (3) the kinds of

sentences available; (4) the Guidelines range; (5) pertinent policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims.

### B. Cooperation Is a Proper Consideration Under § 3553(a)(1)

Section 3553(a)(1) directs sentencing courts to consider "the history and characteristics of the defendant," and cooperation with law enforcement is plainly among those characteristics. After *United States v. Booker*, a district court has discretion to impose a variance under § 3553(a) and may consider factors beyond those that control Guidelines determinations. *United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007).  The Eleventh Circuit has also recognized that a sentence outside of the Guidelines may be a variance, rather than a Guidelines departure, when the sentencing judge bases the decision on the § 3553(a) factors and the advisory Guidelines sentence is insufficient to serve the goals embodied in those factors. *United States v. Hall*, 965 F.3d 1281, 1295 (11th Cir. 2020).

### C. Criminal History Category I and First Offenders

Mr. Martino's Criminal History Category of I reflects that he has no prior convictions. The Sentencing Commission has recognized that first offenders may be appropriate candidates for sentences below the otherwise-applicable range. Although Mr. Martino's conduct caused financial losses to companies and he does not intend to downplay the impact of those losses, Mr. Martino otherwise meets the criteria for a two-level reduction as a zero-point offender and respectfully submits that other factors support a consideration of his role as a first-time offender.

## IV. ARGUMENT

### A. This Court Has Independent Authority Under § 3553(a) to Consider Cooperation and Impose a Downward Variance

The Eleventh Circuit has recognized that a district court has discretion to impose a variance under § 3553(a) and may consider factors beyond those that control Guidelines

determinations. *Amedeo*, 487 F.3d at 830. This authority flows from the text of § 3553(a), which requires an individualized assessment of each defendant's characteristics and conduct. Mr. Martino's cooperation bears directly on the sentencing factors in § 3553(a)(2): it demonstrates acceptance of responsibility, a willingness to aid law enforcement, and a reduced need for deterrence and incapacitation, and it reflects favorably on his character and likelihood of rehabilitation.

A sentence outside the Guidelines may be imposed as a variance, rather than a departure, when the sentencing judge bases the decision on the § 3553(a) factors and concludes that the advisory Guidelines sentence is insufficient to serve the goals embodied in those factors. *Hall*, 965 F.3d at 1295. The factors relevant to the value of a defendant's cooperation, such as the significance and usefulness of the assistance; its truthfulness, completeness, and reliability; its nature and extent; and its timeliness, all reflect favorably on Mr. Martino and support a substantial variance below the Guidelines range.

While the Government has elected not to file a motion under U.S.S.G. § 5K1.1 at the sentencing hearing and has instead committed to seek recognition of Mr. Martino's substantial assistance through a motion under Federal Rule of Criminal Procedure 35(b) following sentencing, Mr. Martino's cooperation should be credited here through the Court's variance authority under § 3553(a).

**B. The Defendant's Lack of Criminal History and Character Support a Sentence Below the Guidelines Range**

Beyond his cooperation, Mr. Martino's history and characteristics strongly support a below-Guidelines sentence under § 3553(a)(1). He has no prior criminal record of any kind; this offense represents an aberration in an otherwise law-abiding life, not a pattern of criminal

8

conduct. He does not require incapacitation to protect the public, nor a lengthy sentence for its deterrent effect.

Mr. Martino's stable employment history, strong family ties, community involvement, remorse, acceptance of responsibility, and the concrete steps he has taken toward rehabilitation demonstrate his character and rehabilitative potential. The Court may consider his history and characteristics without limitation. 18 U.S.C. § 3661. From the time of his arrest, Mr. Martino accepted responsibility, cooperated, and entered a guilty plea, sparing the Government the burden of trial. The eight letters accompanying this memorandum, including one from his lead pastor, speak to his remorse and to a genuine and sustained transformation.

### C. Nature and Circumstances of the Offense

While the offense is serious, the harm it caused must be weighed against Mr. Martino's acceptance of responsibility and his cooperation. Mr. Martino's conduct did not include the technical mechanics of any intrusion. He did not procure access to victim networks, exfiltrate data, or deploy the encryption. In the five matters in which Mr. Martino served as a negotiator (Victim Companies 1 through 5), he was not an affiliate of the BlackCat group and had no role in the attacks on those victims; his involvement was limited to conveying confidential information in exchange for a share of the resulting payment. In the remaining matters, while Mr. Martino stipulated to participating in the conspiracy, his role did not extend to unauthorized access to, exfiltration of data from, or encryption of victim systems, or the publication of victim data. Mr. Martino accepts responsibility for the conduct to which he has pleaded guilty, and his cooperation has helped ensure that the full scope of the conspiracy was brought to light. He has provided the Government with the information needed to permit the forfeiture of property and cryptocurrency.

The Court should also weigh the loss figure with care in assessing the seriousness of Mr. Martino's conduct. The $76,524,000 actual loss figure reflects the full ransom payments made by Victim Companies 1 through 6. As to Victim Companies 1 through 5, however, those payments resulted from ransomware attacks that Mr. Martino did not carry out and did not set in motion; the victims retained Digital Mint only after they had already been attacked and faced a ransom demand. Mr. Martino's involvement was limited to conveying confidential information in exchange for a share of a payment that would have been made regardless. While Mr. Martino accepts that his conduct wrongfully increased the ransoms paid by those victims, the aggregate ransom figure overstates the loss he personally caused, and the Court may properly account for that distinction in weighing the nature and circumstances of the offense under § 3553(a)(1).

**D. Sentences Available, the Guidelines Range, and the Need to Avoid Disparity**

A sentence substantially below the Guidelines range will adequately reflect the seriousness of Mr. Martino's conduct while recognizing his cooperation and lack of criminal history. Mr. Martino's co-conspirators were held to a total offense level of 25, with an advisory range of 57 to 71 months. Each was sentenced to 48 months, which is nine months below the low end of their range.

Although Mr. Martino's offense level is calculated two levels higher—a difference driven principally by the aggregate loss attributed to the conspiracy rather than by his hands-on conduct—his conduct did not include the access, exfiltration, or deployment that formed the technical core of the scheme. At the same time, Mr. Martino cooperated with the Government and provided substantial assistance that contributed directly to the co-conspirators' convictions. The Eleventh Circuit has recognized that, in assessing a disparity claim, a "differentiating factor is a defendant's cooperation with the government and willingness to plead guilty." *United States*

10

*v. Story*, No. 21-10845, 2022 U.S. App. LEXIS 174, at *8 (11th Cir. Jan. 4, 2022) (citing *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015)). That differentiating factor is present here and warrants a significant variance below the Guidelines range to reflect all of the 3553(a) factors, including Mr. Martino's significant and substantial cooperation.

Taken together, the co-conspirators' below-guidelines 48-month sentences despite their lack of cooperation, the limited nature of Mr. Martino's conduct relative to the technical core of the scheme, and his cooperation support a sentence meaningfully below 48 months. A sentence of 24 months reflects that differential while still imposing a substantial period of incarceration. Imposing a sentence at or near the advisory range would create unwarranted disparity between Mr. Martino and the co-conspirators he helped to prosecute and would undermine the statutory directive and Sentencing Commission policy to reward his cooperation.

Mr. Martino has already suffered significant consequences: he has lost his career, been unable to support his family, and experienced serious depression. His incarceration will separate him from two young children, one with special needs who depends on his presence. General deterrence is served by the fact of his prosecution, conviction, and sentence; specific deterrence is minimal given his lack of criminal history and demonstrated steps toward rehabilitation.

Mr. Martino poses no danger to the public. His lack of criminal history, stable personal circumstances, and acceptance of responsibility demonstrate that he is not a threat to commit future crimes. Lengthy incarceration is not necessary to protect the public.

Considering all of the § 3553(a) factors, a sentence of 24 months, followed by supervised release, is sufficient but not greater than necessary to accomplish the goals of sentencing in this case.

**E. Restitution**

The victims' losses are not yet ascertainable, and the Court will set a date for the final determination of restitution not to exceed 90 days after sentencing. See 18 U.S.C. § 3664(d)(5). Mr. Martino reserves all objections to the amount of restitution and to the inclusion of consequential or attenuated losses that are not the direct and proximate result of the offense of conviction and respectfully requests that any restitution determination be reserved for the separate restitution proceeding.

**V. CONCLUSION**

Mr. Martino has pleaded guilty and accepted responsibility for his participation in a conspiracy to obstruct commerce in violation of 18 U.S.C. § 1951(a). He cooperated with law enforcement and provided substantial assistance that contributed to the indictment and conviction of two co-defendants. He has no criminal history, has demonstrated genuine remorse, and poses no danger to the public. When his cooperation is combined with his lack of criminal history, his character, and the factors set forth in 18 U.S.C. § 3553(a), the totality of the circumstances warrants a sentence substantially below the Guidelines range.

WHEREFORE, Mr. Martino respectfully requests that this Court:

1. Grant a downward variance pursuant to 18 U.S.C. § 3553(a) based on Mr. Martino's cooperation and substantial assistance and the other § 3553(a) factors;

2. Impose a sentence of TWENTY-FOUR (24) MONTHS, or a term of imprisonment substantially below the Guidelines range, followed by a term of supervised release with appropriate conditions;

3. Permit Mr. Martino to surrender voluntarily to the institution designated by the Bureau of Prisons;

4.  Recommend to the Bureau of Prisons that Mr. Martino be designated to FPC

    Montgomery in Montgomery, Alabama; and

5.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jennifer W. Corinis
Jennifer W. Corinis
Corinis Law PLLC
Fla. Bar No. 49095
980 Main Street
Safety Harbor, FL 34695
jen@corinislaw.com
727-222-3142

Attorney for Defendant Angelo Martino

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2026, a true and correct copy of the foregoing

Sentencing Memorandum was served via the CM/ECF electronic filing system upon all counsel

of record.

/s/ Jennifer W. Corinis
Jennifer W. Corinis

13